**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| MARY FLOWERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 17-40044-DHH** |
| FLLAC EDUCATIONAL | ) | |
| COLLABORATIVE, et al. | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**February 5, 2018**

Hennessy, M.J.

This matter comes before the Court on Plaintiff Mary Flowers' motion for reconsideration (Docket #22). Defendants have filed an opposition to the motion. (Docket #24). This matter is now ripe for adjudication. For the reasons that follow, the motion for reconsideration (Docket #22) is DENIED.

I.      BACKGROUND

Flowers is a current employee of FLLAC, a nonprofit corporation that develops and operates educational programs to serve a wide range of students. (Docket #10-1 at 2; Docket #10-2 at 3). One of the educational programs operated by FLLAC is the Caldwell Alternative High School/Middle School (the "Caldwell Alternative School"). (Docket #10-2 at 4). The Caldwell Alternative School provides educational services to approximately forty middle to high school students with emotional/behavioral concerns, limited academic success, and/or specific learning disabilities. (Id.). Flowers was hired by FLLAC in 1997 as a paraprofessional at the Caldwell Alternative School. (Docket #10-1 at 2).

On December 3, 2012, Flowers filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") alleging a racially hostile work environment, and retaliation. (Id. at 2-3). The MCAD Charge was jointly filed with the United States Equal Employment Opportunity Commission (the "EEOC"). (Id. at 4-5).

On March 4, 2016, the MCAD made a "Lack of Probable Cause Finding." (Docket #10-3). Flowers appealed the decision with the MCAD. (Docket #10-4). Following a hearing, the lack of probable cause finding was affirmed on July 22, 2016. (Id.). On February 24, 2017, the EEOC adopted the findings of the MCAD, dismissed the claims, and issued a right-to-sue letter. (Docket #10-5).

On April 13, 2017, Flowers filed the instant action. (Docket #1). In addition to suing FLACC, Flowers also sued co-workers as individual defendants. (Id.). In the complaint, Flower asserts the following "Statement of Claim:"

> Racial Harassment, the mistreatment of my complaints along with a fals[l]ey written warning involving trickery and neglect. Also learning 3 months later of a violent write-up and police report filed against me.

(Docket #1 at 4 (emphasis in original)).

On November 28, 2017, this court granted the Defendants' motions to dismiss. (Docket #20). The court determined that Flowers' claims pursuant to Massachusetts General Laws chapter 151B were time-barred and that Flowers had failed to state a claim under Title VII for either a racially hostile work environment or retaliation. (Id.). The court entered judgment for the Defendants the following day. (Docket #21).

Flowers filed the instant motion on December 28, 2017. (Docket #22). Defendants filed their opposition to the motion on January 17, 2018. (Docket #24).

II.     STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment; however, a party cannot use such a motion as a vehicle "to undo its own procedural failures" or "to advance arguments that could and should have been presented to the district court prior to judgment." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

> Instead, motions for reconsideration are appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

Id.

III.    ANALYSIS

As an initially matter, the Defendants raise the timeliness of the motion.  Judgment in this case was entered on November 29, 2017.  (Docket #21). The instant motion was filed on December 28, 2017.  (Docket #22).  Defendants assert that Flower's motion is untimely as it was filed more than ten days after entry of judgment.  (Docket #24 at 2).  For this proposition Defendants cite to Colon-Santiago v. Rosario, 438 F.3d 101 (1st Cir. 2006), a case decided in 2006.  However, amendments to Rule 59 in 2009 expanded the time for filing a motion to alter or amend a judgment from ten days after the entry of judgment to twenty-eight days.  See Fed. R. Civ. P. 59(e) advisory committee's note to 2009 amendment.  While Flowers' motion was filed twenty-nine days after entry of judgment, Flowers had an additional three days to file the objection as provided by Federal Rule of Civil Procedure 6(d) because the entry of judgment was served upon her by mail.  Hence, her motion is timely.

Defendants also argue that Flowers' motion should be denied as it does not raise any new evidence, an intervening change in the law, or any other reason to grant such a motion.  (Docket

#24 at 1). The court agrees. Flowers' motion is simply a rehashing of the arguments made in her opposition to the motion to dismiss.[1] (Compare Docket #22 with Docket #15). As such, there is no basis to grant the motion. See Allen, 573 F.3d at 53.

IV.    CONCLUSION

For the foregoing reasons, I ORDER that the motion for reconsideration (Docket #22) be DENIED.


/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] I note that Flowers submitted a letter to this court dated January 11, 2018, in which she states that, after leaving work, she noticed that the snow brush in her car had been tampered with and her headrest had been adjusted to a new position. (Docket #23). While this incident is not incorporated into the motion for reconsideration, the outcome here would not change if it were. This allegation is similar to others in the record before the court at the motion to dismiss stage. Like those allegations, the court does not find this conduct, which Flowers does not allege is the act of any Defendant, actionable.